```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**THOMAS T. MARTIN and**
**DEBRA L. MARTIN,**

      **Plaintiffs,**

**v.**                                **CIVIL ACTION NO. 2:09-0371**

**A.I.O. HOLDINGS, LLC, a Delaware**
**Limited Liability Company, and**
**the UNKNOWN HEIRS, SUCCESSORS and**
**ASSIGNS OF ARTIST (ARTIS) L. CASTO,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiffs' motion to remand (Doc. No. 4) and motion for a hearing thereon (Doc. No. 21), as well as plaintiffs' motions to dismiss the counterclaim against them (Doc. Nos. 5, 17). For the reasons set forth below, the court grants the motion to remand without a hearing and does not reach the motions to dismiss.

### I.  Background

Plaintiffs Thomas and Debra Martin, husband and wife, filed this action in the Circuit Court of Jackson County, West Virginia, in March 2009, seeking resolution of issues relating to their residential property. (Doc. No. 2 Ex. 1.) The property in question is a 101-acre tract of land in Jackson County which the Martins acquired from Alan Otey by a deed dated June 7, 1996.

(Id. at 6) With regard to the property's mineral rights, the complaint alleges as follows:

> Plaintiffs own a significant portion (if not all) of the oil and gas mineral rights to a Sixty-One (61) acre northwestern portion [of] the subject property, but due to the question of the legal effect, if any, of the language of the reservation in a previous deed from H.C. Casto to plaintiffs' predecessors dated September 19, 1926 . . . grantor H.C. Casto reserved all the oil and gas under a Forty (40) acre southeastern portion of the subject realty for the benefit of a third party and stranger to title named Artist L. Casto (also spelled Artis).

(Id. at 7.)

Plaintiffs proceed to "claim title but are unsure of the extent of their mineral ownership in the 40 acres portion of their 101 acres farm, and they request the Court as part of this proceeding to determine same if possible." (Id.) They explain that the "40 acre mineral interest reserved . . . was never separately assessed for taxation; there were no deeds out of Artist (Artis) L. Casto for such interest, and no estate settlement in Jackson County." (Id.) As such, "the successors in title to Artist L. Casto are not known and for that reason plaintiffs join such unknown defendants as parties defendant based upon an order of publication."[*] (Id.)

---

[*] Notice of the action was made by Order of Publication dated March 12, 2009, and addressed to "The Unknown Heirs, Successors in Title and Assigns of Artist (also spelled Artis) L. Casto" ("the Casto heirs"). (Id. at 14-15.)

-2-

The complaint further alleges that defendant A.I.O. Holdings, LLC ("AIO") claims title to three wells and three leases pertaining to the 61-acre northwestern portion of the property, although the leases in question were originally entered into with Martin Twist Energy Co., LLC ("Martin Twist"). (<u>Id.</u> at 7-8.) Plaintiffs allege that,

> [a]lthough there are no assignments of record into AIO as to such lease or wells, it apparently claims title to such lease and wells by reason of an agreed judgment from the Jefferson Circuit Court in Louisville, Kentucky . . . entered October 30, 2008 . . . although such judgment has never been filed here in West Virginia under the Uniform Enforcement of Foreign Judgment Act (W. Va. Code § 55-14-1 et seq.).

(<u>Id.</u> at 8.) While AIO recorded a copy of the judgment order in the deed book of the Jackson County Clerk, plaintiffs contest the judgment as "being improper, without any consideration, without any promissory note, any collateralization agreement, without any evidence of a loan or loans to the defendants therein being introduced in evidence and as being a fraud upon the Kentucky Court." (<u>Id.</u>) Plaintiffs further take issue with AIO for having no bond on file as to the three wells with the West Virginia Department of Environmental Protection, Office of Oil and Gas. (<u>Id.</u>)

The Martins also allege that the wells in question have been out of production for significant periods, and that they are owed considerable past-due royalties for the time during which the wells were producing. (<u>Id.</u> at 9.) They contend that the wells

recently have been out of production for more than a year, during which time plaintiffs were not paid the "shut in royalties" specified in the lease; as such, plaintiffs argue that the leases have expired by their own terms.  (Id.)

For relief, plaintiffs request that the court find and declare that the three leases granted to Martin Twist have expired by their own terms; declare that plaintiffs are now the owners of the three wells; and find that AIO is a "trespasser and interloper" on the subject property, entitling plaintiffs to compensatory and punitive or exemplary damages.  (Id. at 9-10.)  Plaintiffs further seek an accounting and judgment for the alleged shortfall in royalties, injunctive relief preventing AIO from further production of the wells, attorney fees, costs, and other appropriate relief.  (Id. at 10.)  Plaintiffs conclude by asking the court to make a "declaratory ruling to find and order that the purported and attempted reservation of the oil and gas under the 40 acre portion of their land by H.C. Casto in favor of Artist L. Casto . . . be held null and void and of no legal force and effect."  (Id.)

AIO removed the action to this court, alleging federal jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332.  (Doc. No. 2 at 1-2.)  AIO, which is a Delaware corporation, contends that this court may exercise diversity jurisdiction over the matter due to the allegedly fraudulent joinder of the Casto heirs.  (Id.

2-3.)  AIO argues that the Casto heirs "had absolutely nothing to do with the production of the gas wells under the leases in question nor the alleged failure to pay proper royalties under the same," and that "there is no possibility that plaintiff[s] would be able to establish a cause of action for damages against" the heirs.  (Id. at 3.)

Plaintiffs then filed the instant motion to remand, arguing that the Casto heirs are indispensable parties to the litigation. (Doc. Nos. 4, 7.)  The Martins note that the ownership of mineral rights in the subject property is at issue in this proceeding, as is the issue of who is entitled to the royalties from the wells. (Doc. No. 7 at 2.)

An answer to the complaint was subsequently filed on behalf of the Casto heirs, who are specified therein as including Larry Jackson, Linda Jackson Parsons, Loretta Jackson Hatcher, Lucinda Jackson Ranson, Delbert Theodore Casto, Evalina Casto Young, Wilbert D. Casto, Lilly Casto Smith, Danny L. Casto, and Debbie Casto Hopkins.  (Doc. No. 12 at 2.)  All but the latter two are residents of West Virginia; Danny L. Casto and Debbie Casto Hopkins are residents of Michigan and Ohio, respectively.  (Id.) In their answer, the Casto heirs ask the court to declare that the reservation in favor of Artist L. Casto is of full legal force and effect, and that they and any unknown heirs are entitled to fair and reasonable royalties from AIO.  (Id. at 3.)

## II. **Standard of Review**

Federal district courts may exercise diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  Title 28 United States Code Section 1441, known as the "removal statute," provides that a case filed in state court may be removed to federal court when it is shown by the defendant that the federal court has original jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).  Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate.  Mulcahey, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  The removing defendant bears the burden of establishing that removal is appropriate.  Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.).  "If federal jurisdiction is doubtful, a remand is necessary."  Mulcahey, 29 F.3d at 151.

Fraudulent joinder is an exception to the complete diversity requirement of Section 1332.  The fraudulent joinder doctrine allows a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse

defendants, and thereby retain jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

A defendant is fraudulently joined if the plaintiff commits outright fraud in his pleadings or if there is no possibility of stating a claim against the resident defendant. Id. at 464. The burden to show fraudulent joinder is particularly heavy. The removing defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor. Id. The standard to be applied by the court is even more favorable to the plaintiff than the standard for granting motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Id. at 464, 466 (stating that a "glimmer of hope" for relief against the non-diverse defendant is sufficient to defeat removal jurisdiction). In making this determination, the court is not limited to the allegations of the pleadings, but may consider the entire record and determine the basis of the joinder "by any means available." Id.

### III. Analysis

As noted above, AIO contends that the Casto heirs have "absolutely nothing to do" with the production of the gas wells and the payment of corresponding royalties, and concludes that there is no possibility for recovery of damages against the heirs. (Doc. No. 2 at 3.) While it is true that the allegations

of the complaint do not support a cause of action for *monetary damages* against the Casto heirs, it does not follow that there is no possibility of stating any claim against them.

The complaint seeks a declaration as to the extent of plaintiffs' mineral ownership in the 40-acre portion of the property with regard to which a reservation was made in favor of the Casto heirs. (Doc. No. 2 Ex. 1 at 7.) The complaint further alleges that the reservation should be declared null and void. (Id. at 10.) Such a request is in the nature of an action to quiet title to the mineral ownership of the tract in question. See Feather v. Baird, 102 S.E. 294 (W. Va. 1919)(suit in equity for cancellation of deed as cloud upon title of mineral ownership). It is evident from the answer filed by the Casto heirs that an actual dispute exists as to the mineral ownership. Bonafede v. Grafton Feed & Storage Co., 94 S.E. 471, Syl. Pt. 1 (W. Va. 1917)("In a suit to cancel a cloud upon the title to real estate, all parties who have or claim any interest, right, or title under the instrument, or instruments, of writing sought to be cancelled, should be made parties defendant."). The heirs are therefore necessary parties to the resolution of that dispute, and their presence defeats the jurisdiction of this court.

### IV. Conclusion

Because AIO has failed to demonstrate the absence of a valid claim against the Casto heirs, the court is unable to conclude

that these non-diverse defendants were joined improperly. Plaintiffs' motion to remand must therefore be **GRANTED**. (Doc. No. 4.) Finding a hearing on the motion to be unnecessary, the court **DENIES** plaintiffs' motion in that regard (Doc. No. 21), and does not reach plaintiffs' motions to dismiss the counterclaim against them (Doc. Nos. 5, 17).

The Clerk is directed to remove this action from the court's active docket and to send copies of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 3rd day of December, 2009.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge